UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 5, 2020

LETTER TO COUNSEL:

    RE:   *Michael F. v. Andrew M. Saul, Commissioner of Social Security*
           Civil Case No. TJS-19-775

Dear Counsel:

On March 13, 2019, Plaintiff Michael F.[1] petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI").[2] (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 10 & 13.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In his application for SSI, Michael F. alleged a disability onset date of May 20, 2010.[4] (Tr. 252-260.) His application was denied initially and on reconsideration. (Tr. 15.) A hearing was held before an Administrative Law Judge ("ALJ") on March 15, 2018, (Tr. 36-82), and the ALJ found that Michael F. was not disabled under the Social Security Act (Tr. 15-29). The Appeals Council denied Michael F.'s request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

---

[1] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[2] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d).

[3] This case was originally assigned to Magistrate Judge Deborah L. Boardman. On December 5, 2019, the case was reassigned to me.

[4] Michael F. has previously filed applications for disability, but they have been denied. The decision at issue in this appeal concerns the time period of August 28, 2015, through the date of the decision. (Tr. 15.)

The ALJ evaluated Michael F.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Michael F. has not engaged in substantial gainful activity since August 28, 2015, the application date. (Tr. 18.) At step two, the ALJ found that Michael F. suffered from the following severe impairments: generalized anxiety disorder, depression, and schizotypal personality disorder. (Tr. 18-19.) At step three, the ALJ found Michael F.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 19-21.) Considering Michael F.'s impairments, the ALJ determined that he retained the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform jobs consisting of unskilled, routine, and repetitive tasks involving only simple work-related decisions, with only occasional changes in the routine work setting, only occasional interaction with supervisors and co-workers, and no interaction with the public. Time off task during the workday can be accommodated by normal breaks.

(Tr. 21.)

At step four, the ALJ determined that Michael F. has no past relevant work. (Tr. 27.) At step five, relying on the testimony of a vocational expert ("VE"), the ALJ determined that there are jobs that exist in significant numbers in the national economy that Michael F. can perform, including janitor, housekeeper, and inspector. (Tr. 28.) Therefore, the ALJ found that Michael F. was not disabled under the Social Security Act. (Tr. 29.)

Michael F. presents the following arguments in this appeal: (1) the ALJ improperly assessed the credibility of his subjective statements; (2) the ALJ improperly evaluated his RFC because he did not consider all relevant evidence; (3) the ALJ's RFC determination does not take into account his moderate difficulties in maintaining concentration, persistence, and pace, and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632; and (4) the ALJ improperly relied on evidence provided by the VE. None of these arguments have merit.

Michael F.'s first argument is that the ALJ did not properly assess the credibility of his subjective statements regarding his symptoms and limitations. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. § 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. § 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id*. To determine the credibility of a claimant's statements, the ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016).

2

An ALJ must "articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." *Bostrom v. Colvin*, 134 F. Supp. 3d 952, 960 (D. Md. 2015); *see also Mascio v. Colvin*, 780 F.3d 632, 640 (4th Cir. 2015) ("Nowhere, however, does the ALJ explain how he decided which of [the claimant's] statements to believe and which to discredit, other than the vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering [the claimant's] residual functional capacity.").

Michael F. claims that the ALJ rejected his subjective complaints regarding the intensity, persistence, and limiting effects of his symptoms because they were not supported by objective evidence. Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. *See Hines v. Barnhart*, 453 F.3d 559, 563-64 n.3 (4th Cir. 2006) (reiterating that while "a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers") (quoting *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996)). Here, however, the ALJ considered the lack of objective evidence regarding Michael F.'s symptoms as just one component of the assessment. The ALJ also considered Michael F.'s general improvement over time (especially after medication was introduced in 2015) and his statements about his symptoms over time, his compliance with treatment recommendations, the degree to which his symptoms were controlled by medications when he was compliant, his alleged daily and regular activities, his academic performance in college, and his part-time work with his father in the family business. (*See* Tr. 19-27.) Because the ALJ did not rely exclusively on objective evidence in assessing the severity of Michael F.'s symptoms, this argument is without merit.

Michael F.'s second argument is that the ALJ failed to consider all relevant evidence in formulating the RFC, instead relying on "cherry picked" evidence that would support a finding of non-disability. A review of the ALJ's decision makes clear that the ALJ adequately considered and discussed the relevant evidence in the record. The ALJ did not "cherry pick" evidence that would support a finding of non-disability. The ALJ specifically discussed Michael F.'s longitudinal treatment history and his general improvement over time. (*See* Tr. 19-27.) As evidence of Michael F.'s improvement, the ALJ pointed to the decreasing frequency of his therapy sessions and statements from his treating providers that his condition was stable. (Tr. 22, 24, 27.) The ALJ discussed how the Michael F. responded to medication and that, although the medication did not completely eliminate his symptoms, it made them less severe and less frequent over time. (Tr. 24.) To the extent that Michael F. believes that the ALJ should have accepted the evidence provided by his mother and his own testimony during the hearing, the Court notes that it is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (noting that the Court's role is to assess whether substantial evidence supports the ALJ's conclusion). The ALJ properly considered the entirety of the record and discussed the relevant parts of it in his decision. The Court is satisfied that the ALJ's RFC determination is supported by substantial evidence and sound application of the governing legal standards.

Michael F.'s third argument is that the ALJ did not evaluate his mental impairments in accordance with *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In this case, unlike *Mascio*, the ALJ adequately explained how Michael F.'s moderate limitations in concentration, persistence, and pace were accommodated in his RFC. The ALJ limited Michael F. to performing "jobs consisting of unskilled, routine, and repetitive tasks involving only simple work-related decisions" with additional restrictions regarding changes in the work setting and interaction with others. (Tr. 21.) The ALJ further noted that Michael F.'s time off task could be accommodated by normal breaks. (*Id.*) These limitations are supported by the ALJ's findings regarding Michael F.'s moderate limitations in the areas of concentration, persistence, and pace. (Tr. 20.) At step two, the ALJ discussed the evidence that warranted a moderate finding in these areas, including the opinions of a consultative psychological examiner and two State agency psychological consultants. At the same time, the ALJ noted that "after the introduction of medication, the claimant was found to have unremarkable concentration, with no indication that it was decreased." (*Id.*) In his RFC discussion, the ALJ explained that Michael F. "remains capable of unskilled, routine, and repetitive tasks" for a number of reasons. (Tr. 27.) First, the State agency psychological consultants noted that he "remained capable of performing at least simple tasks," and the consultative psychological examiner noted that he had "intact memory and unremarkable concentration." (*Id.*) Second, the ALJ pointed out Michael F.'s "ability to successfully complete college classes and perform odd jobs for his father on an ongoing basis." (*Id.*) The ALJ complied with *Mascio* by explaining why a limitation to "unskilled, routine, and repetitive tasks involving only simple work-related decisions" was sufficient to accommodate Michael F.'s moderate limitations in concentration, persistence, and pace. *See Shinaberry v. Saul*, --- F.3d ----, 2020 WL 908887, at *4-5 (4th Cir. Feb. 26, 2020) (holding that an ALJ's finding that limited a claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for the claimant's mental limitations where the ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence). Because the ALJ's analysis and RFC determination complies with the holding in *Mascio*, this argument is without merit.

In Michael F.'s fourth argument, he raises two objections to the ALJ's handling of evidence provided by the VE. First, he argues that the ALJ improperly failed to rely on the VE's testimony given in response to hypothetical questions that included limitations that the ALJ did not find to apply to him. But to the extent that the ALJ received testimony from the VE regarding a hypothetical individual with limitations different from those that the ALJ found to apply to Plaintiff, that testimony would not be relevant to the ALJ's decision. In order for an ALJ to rely upon a VE's opinion, the VE's opinion must be provided "in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). Here, the ALJ appropriately relied on the VE's opinion that was given in response to the hypothetical that encompassed Plaintiff's limitations. The ALJ was not required to rely on the VE's opinion for

4

hypothetical questions that encompassed limitations that differed from those of the Plaintiff.

Second, Michael F. argues that the ALJ erred by accepting the VE's testimony regarding one of the hypotheticals because the testimony was not consistent with the Dictionary of Occupational Titles ("DOT"). This argument is also without merit. As discussed above, the ALJ's RFC determination is supported by substantial evidence. The ALJ's hypothetical to the VE adequately reflected Plaintiff's RFC. The ALJ properly relied on the VE's testimony that a hypothetical individual with an RFC matching that of the Plaintiff could perform certain jobs in national economy. To the extent that the ALJ erred in accepting the VE's testimony that the job of housekeeper was available to a person with Michael F.'s RFC (because that position may require contact with the public that is restricted by the RFC), any such error is harmless. The VE identified two other jobs that Michael F. could perform (janitor and inspector). Because a VE has, "through training and experience in vocational counseling or placement, an up-to-date knowledge of job requirements, occupational characteristics and working conditions, and a familiarity with the personal attributes and skills necessary to function in various jobs," *Wilson v. Califano,* 617 F.2d 1050, 1053 (4th Cir. 1980), an ALJ is permitted to rely upon a VE's testimony as substantial evidence to support a conclusion regarding vocational issues. In light of the express testimony provided by the VE in this case as to the janitor and inspector jobs, which has not been shown to be flawed, the ALJ provided substantial evidence in support of the conclusions.

For the reasons set forth herein, Michael F.'s Motion for Summary Judgment (ECF No. 10) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 13) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge